UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. HUGHES #182524,

    Petitioner,

v.                                              Case No. 2:08-cv-194
                                                HON. R. ALLAN EDGAR

DAVE BERGH,

    Respondent.
_____/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on September 17, 2008.  The Report and Recommendation was duly served on the parties.  The Court has received objections from the Petitioner.  In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.  The Court now finds the objections to be without merit.

        In the report and recommendation, the Magistrate Judge incorrectly stated that Petitioner was complaining about the 1992 amendments to MCL 791.231a; MSA28.2301(1), which increased pressure on Parole Board members to deny parole to sex offenders.  In his objections, Petitioner states that he did not make this argument and was never convicted of a sex offense.  It appears that Petitioner is correct.  However, this does not affect that Magistrate Judge's recommendation in this case.  As noted in the report and recommendation, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *see also Board of Pardons*

*v. Allen*, 482 U.S. 369, 373, 107 S. Ct. 2415, 2418 (1987) (the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release). An inmate's interest in the mere possibility of parole is not protected by due process. *Greenholtz*, 442 U.S. at 10-11; *Wagner v. Gilligan*, 609 F.2d 866, 867 (1979). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Where a state's parole statute is purely discretionary and does not mandate a presumption of release, there is no protected statutory entitlement to parole on which a due process claim could be grounded. *Greenholtz*, 442 U.S. at 9-11; *Wagner*, 609 F.2d at 867. The Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995). In unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Petitioner has no liberty interest at stake. Because Petitioner has no liberty interest at

stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65. Therefore, Petitioner's application for habeas corpus relief is properly dismissed.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action on initial screening is a determination that the action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the

- 4 -

district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, Petitioner's habeas corpus action does not allege the violation of his constitutional rights. Therefore, the Court will deny Petitioner a certificate of appealability.


Dated:    1/26/09                                     */s/ R. Allan Edgar*
                                                      R. ALLAN EDGAR
                                                      UNITED STATES DISTRICT JUDGE